UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazel Stoudemire, # 220501,<br>*aka Hazel Stoudemire Jr.*<br>                         Petitioner,<br><br>vs.<br><br>Warden McCabe,<br>                         Respondent. | C/A No. 2:12-111-JFA-BHH<br><br><br>Report and Recommendation |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

This is the second § 2254 petition submitted by Petitioner in which he challenges aspects of a Spartanburg County murder conviction and life sentence entered in April 2000. *See Stoudemire v. Padula*, Civil Action No. 8:07-cv-03272-HFF. His initial petition was considered on the merits and summary judgment was entered for the Respondent. That result was confirmed on appeal to the Fourth Circuit Court of Appeals. *See Stoudemire v. Padula*, Appeal No. 08-7818 (4th Cir. Dec. 29, 2008).

In the current Petition, Petitioner claims that his appellate counsel was ineffective on direct appeal by failing to raise points Defendant wanted raised. He asserts that his §

2254 one-year time limitation should run on this claim from the time he discovered the appellate ineffectiveness, which he claims to be a recent finding. There is no indication that he obtained permission from the Fourth Circuit before filing this case.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it appears that the Petition submitted in this case should be summarily dismissed without service on Respondent.

## **ANALYSIS**

The Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the Fourth Circuit Court of Appeals before he submitted it to this Court. If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes

3

regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[1] The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner's procedural history in this Court, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his 2000 Spartanburg County conviction and sentence. That petition was decided on the merits and summary judgment was entered for the respondent. Petitioner's appeal was dismissed by the Fourth Circuit and no certificate of appealability issued. The consideration on the merits

---

[1] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, *if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (emphasis added). Even if his current grounds for relief satisfy the strict "newly discovered evidence" requirements, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not this Court. Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

of all seven grounds raised in that initial petition makes this second one successive, thus requiring authorization from the Fourth Circuit before filing another petition in this Court relating to the same conviction and sentence. Because Petitioner did not obtain authorization to file this Petition in this Court, we do not have jurisdiction to consider it and it is subject to summary dismissal without service on the Respondent.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A petitioner satisfies the standard set forth in 28 U.S.C. § 2253(c) by demonstrating that reasonable jurists would find the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In this case, the undersigned recommends concluding that the legal standard for the issuance of a certificate of appealability has not been met.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*. It is further recommended that a certificate of appealability be denied.

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

February 15, 2012  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).